**Slip Op. 05-31**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**Before: Judge Judith M. Barzilay**

_____

Gilda Industries, Inc.,                                    :

         Plaintiff,                          :

         v.                                 :     **Consol. Court. No. 03-00203**

United States,                                            :

         Defendant.                         :

_____:

[Plaintiff's motion to set aside judgment denied.]

Decided: March 10, 2005

(*Peter S. Herrick*) for Plaintiff.

*Peter D. Keisler,* Assistant Attorney General; (*David M. Cohen*), Director; (*Jeanne E. Davidson*), Deputy Director, (*David S. Silverbrand*), Trial Attorney, U.S. Department of Justice, Civil Division, Commercial Litigation Branch; *William Busis*, Office of General Counsel, Executive Office of the President, Office of the United States Trade Representative, of counsel; *Yelena Slepak*, International Trade Litigation, Bureau of Customs and Border Protection, of counsel, for Defendant.

**MEMORANDUM ORDER**

**BARZILAY, JUDGE:**

On December 1, 2004, this court entered a Judgment Order denying Plaintiff Gilda Industries, Inc.'s ("Gilda") Motion for Writ of Mandamus and Declaratory Relief, and granting the United States' ("Defendant") Motion to Dismiss. *Gilda Industries, Inc. v. United States*, Slip Op. 2004-150.[1] In the present motion, Gilda seeks to set aside the above-mentioned Judgment

_____

[1] Familiarity with this prior opinion is presumed.

Order and to reinstate its cause of action pursuant to USCIT Rule 60(b)(2). Because Gilda's motion fails to meet the requirements of USCIT R. 60(b)(2), this motion is denied.

USCIT Rule 60 provides for relief from a judgment or order of this Court where certain requirements have been met. Rule 60(b)(2) provides that "the court may relieve a party from a final judgment where new evidence has been discovered, which could not have been discovered by due diligence in time to move for a rehearing under USCIT R. 59(b)." In its motion, Gilda claims that through Freedom of Information Act ("FOIA") litigation and requests, the United States Trade Representative ("USTR") has produced new records, and that this new evidence warrants reinstatement of its action.

## I. Class Certification

Regarding the court's decision to deny its motion for class certification, Gilda now identifies one pending case, *Café Rico, Inc. v. United States*, USCIT Case No. 04-00127, and indicates that Café Rico is an importer of toasted breads from Spain paying 100% duties. Gilda also states that there is a FOIA lawsuit pending in the U.S. District Court for the District of Columbia for the names and addresses of importers who are paying the 100% duties.

In its December 1, 2004 Slip Opinion, the court stated that because no other potential class members could be identified by either of the parties or the court, the court found that it could not determine whether certain requirements of USCIT Rule 23(c) had been met. The court went on to state, however, that "even assuming that Plaintiff's claims to the contrary are true and a class of plaintiffs does exist, as a discretionary matter a class action should not be maintained." Although Plaintiff's counsel indicated at oral argument that *Café Rico* concerned toasted breads subjected to 100% duties, neither was any information regarding the claim or issues in that case

2

offered, nor was any argument made that USCIT Rule 23 had been satisfied. Moreover, the court indicated during oral argument that although "we know that even when there are hundreds and perhaps thousands of potential plaintiffs such as in the Harbor Maintenance Tax cases, this Court has been very reluctant to certify a class for predominance," and explained the reasons for this reluctance. Because the court found that regardless of whether there existed other litigation concerning the same subject matter pending, as a discretionary matter, a class action should not be maintained, Gilda's citation to *Café Rico* is unavailing. Additionally, the fact that Gilda's current FOIA litigation, pending in the District of Columbia District Court, "could lead to additional litigation" is speculative at best, and provides this court with no new information to satisfy the requirements of Rule 60(b).

## II. Inclusion On the Retaliatory List

With respect to the court's rejection of Gilda's claim that its products should not have been included on the retaliatory list, Gilda has submitted an index to 830 pages of comments received by the USTR from the domestic industry, many of which Gilda characterizes as supporting the notion that the bulk, if not all, of the products included on retaliatory list should be reciprocal products. Based on these comments from various domestic producers, Gilda argues that the court wrongly concluded that the law does not limit the retaliatory list to only reciprocal products.

Contrary to Gilda's contentions, the comments of various companies are not relevant to the issue of whether the USTR acted in contravention of 19 U.S.C. § 2416. Rather, the statute itself is controlling. The comments that Gilda presents have no bearing on the court's interpretation and application of clear statutory language – that the Trade Representative shall

3

*include* reciprocal goods on the retaliation list. Thus, the new information offered by Gilda has no relevance to the court's decision and does not justify disturbing its Judgment Order. *See* USCIT R. 60(b).

### III. Removal From the Retaliatory List

Challenging the court's determination that the USTR is not required to publish or revise the Hormones list, Gilda takes issue with the court's decision that the exception provided for in 19 U.S.C. 2416(b)(2)(B)(ii)(I) has been satisfied. Specifically, Gilda challenges the USTR's determination, which the court accepted, that it (the USTR) believes a solution with the European Community ("EC") is imminent. Gilda then defines for the court the meaning of imminence and argues that because a number of months have passed since the USTR's initiation of talks with the EC, a resolution is neither imminent nor impending. Gilda goes on to cite to an EC press release, which was publicly available before Slip Op. 04-150 was issued, indicating that the EC opposes the United States' maintenance of sanctions in the context of the beef hormone dispute.

USCIT Rule 60 does not provide a forum for parties to relitigate decided issues before the Court. Merely stating that "the new evidence here is that as of the date of the filing of this motion, it has now been approximately 55 months since the USTR has refused to implement the Carousel provision" does not satisfy the requirement that a movant proffer "newly discovered evidence which by due diligence could not have been discovered in time to move for a rehearing." USCIT R. 60(b)(2). Similarly, citing to a press release that provides no new information and that was available nearly one month before the court's opinion was issued, does not fulfil even the minimum requirements of Rule 60. *Id.* (requiring *newly discovered* evidence which *by due diligence could not have been discovered* in time to move for a rehearing)

4

(emphasis added). Moreover, the court stated in its Slip Opinion that because neither money damages nor refunds are available, Gilda's arguments both for removal from the Hormones list as well as for a refund of the 100% duties it has paid must fail. Any "new" information now provided by Gilda is not relevant to this holding.

## IV. Due Process

Finally, regarding the court's rejection of its due process claim, Gilda cites to new evidence that putative members of the class did request removal of toasted breads from the Beef Hormone Retaliation List, availing themselves of the notice and comment opportunity provided in the May 31, 2000 Federal Register Notice. Because this court denied Gilda's motion for class certification, the fact that other companies took advantage of the process made available by the USTR is not relevant to this court's holding that Gilda was afforded sufficient due process, but did not take advantage of these opportunities.

In conclusion, upon consideration of Plaintiff's Motion to Set Aside the Judgment Order, Defendant's response in opposition, and all other pertinent documents, it is hereby

ORDERED that the motion is DENIED.


                March 10, 2005                          /s/ Judith M. Barilzay
Dated: _____          _____
        New York, NY                               Judith M. Barzilay, Judge


5